United States District Court
Southern District of Texas

**ENTERED**
May 11, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **YAQUELIN RIGNACK RODRIGUEZ,** | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. **1:26-cv-463** |
| | § | |
| **FRANCISCO VENEGAS**, in his official | § | |
| capacity, Warden of El Valle Detention | § | |
| Facility, *et al.*, | § | |
| Respondents. | § | |

**ORDER**

Before the Court is Petitioner Yaquelin Rignack Rodriguez's "Petition for Writ of Habeas Corpus" ("§ 2241 Petition") and "Application for Order to Show" ("Motion"). Dkt. Nos. 1, 2. Rignack Rodriguez lists various Respondents (collectively, the "Government"). Dkt. No. 1. Rignack Rodriguez, a citizen of Cuba, claims that her detention violates the Fifth Amendment's Due Process Clause and the Administrative Procedure Act. Dkt. No. 1 at 5, 15–19.[1]

On February 25, 2026, the Court issued its decision in *Alvarez-Rico v. Noem et al.*, No. 4:26-cv-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026) (J. Ellison), which held that the Government's "re-detention of [the petitioner] without a pre-detention showing (or even allegation) of a change in his circumstances violated [the petitioner's] procedural due process rights." *Alvarez v. Noem et al.*, No. 4:26-cv-00729, 2026 WL 5222322, at *6

---

[1] In her § 2241 Petition, Rignack Rodriguez states that she timely filed an appeal to her order of removal to the Board of Immigration Appeals, which remains pending. Dkt. No. 1 at 8. The Court informs Rignack Rodriguez that her claim that her detention violates the Fifth Amendment Due Process Clause is valid as to her detention pending a final order of removal. If the BIA affirms the immigration judge's order of removal, the Court will then consider Rignack Rodriguez's claims under the framework for immigrant detainees with final orders of removal. *Agyei-Kodei v. Holder*, 418 Fed.Appx. 317, 218 (5th Cir. 2011) (holding that the petitioner's claims were dismissed as moot after a shift in the statutory basis under which the petitioner was detained).

(S.D. Tex. Feb. 25, 2026) (J. Ellison).  In light of the Court's *Alvarez-Rico* decision, it does not plainly appear from Rignack Rodriguez's § 2241 Petition that she is not entitled to the requested relief.  Rignack Rodriguez's allegations, taken together, suffice to raise genuine questions as to whether her continued detention violates federal law and the United States Constitution.  Therefore, the Court must "forthwith award the writ [of habeas corpus] or issue an order directing the respondent to show cause why the writ should not be granted."  28 U.S.C. § 2243.  "The writ, or order to show cause shall be directed to the person having custody of the person detained," and must be returned within three days unless good cause exists to require additional time, not to exceed twenty days.  *Id*.

Rignack Rodriguez's Motion [Dkt. No. 2] is hereby **GRANTED**, in part.  The Government is **ORDERED** to file a response to Rignack Rodriguez's § 2241 Petition on or before **May 26, 2026**.  If Rignack Rodriguez wishes to file a reply to the Government's response, she must do so within **7 days** of receiving the Government's response.

**SO ORDERED**.

**SIGNED** on this **11th** day of **May, 2026**, at Brownsville, Texas.

_____

**Ignacio Torteya, III**
**United States Magistrate Judge**